# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **HIANNY SANABRIA CAMACHO,**<br><br>***Petitioner*****,**<br><br>**v.**<br><br>**WARDEN, EL PASO PROCESSING SERVICE CENTER; MARY DE ANDA-YBARRA, ACTING/DIRECTOR OF EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, ATTORNEY GENERAL OF THE U.S. IN THEIR OFFICIAL CAPACITIES;**<br><br>***Respondents*****.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-02265-LS** |

## ORDER DISMISSING CASE

Petitioner seeks a writ of habeas corpus ordering release from immigration custody during removal proceedings. Although Petitioner appears to be in active removal proceedings, which would ordinarily bar release in this Circuit, Respondents appear to argue only that Petitioner may request a bond hearing in the immigration court but simply has not done so.[1] The government has not denied bond or refused a bond hearing, and the Board of Immigration Appeals has not reviewed any decision. Therefore, Petitioner has not exhausted available administrative remedies,[2] and the issue of whether denying bond or refusing a bond hearing would violate Due Process is not ripe

[1] ECF No. 4 at 2 ("Upon information and belief, Petitioner has not requested a bond redetermination hearing in immigration court and is represented by an attorney in immigration proceedings.").

[2] *See Lee v. Gonzales*, 410 F.3d 778, 786 (5th Cir. 2005) ("[A] petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists.").

for review.[3] The Court accordingly **DISMISSES** this action without prejudice, and all pending motions are **DENIED AS MOOT**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 18, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[3] *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) ("[A] case is not ripe if further factual development is required.").